## Pendleton *ads.* Le Conte.

ISSUE was joined on the 9th of June laſt, and on the 19th, notice was given by defendant, that application would be made this term for a commiſſion: notwithſtanding which, on the 26th, the plaintiff gave notice of trial for the July circuit, at which time an inqueſt was taken by default.

*B. Livingston* now moved to ſet it aſide for irregularity.

*Harriſon* for Plaintiff. The defendant having been obliged by the order of laſt Term to elect one of the two pleas, has ſeen fit to abide by the plea of *nil debet;* but no ſuch plea can be received in this action, and it muſt be conſidered a mere nullity. The merits of any judgments rendered in a ſiſter State cannot under the Act of Congreſs be examined here. *Nul tiel record* is the only plea that is admiſſible. And as to the notice of the intended application for a commiſſion, it ought not to operate to procure the defendant a delay, for it was his neglect that he had not applied laſt Term.

*Burr* in reply. Whether any teſtimony involving merits can be admitted under any plea, or whe-

ther the plea of *nil debet* is proper in this action, are points not to be tried in this way. The application for a commiffion is in time, according to Rule IX. of April, 1796.

*Per Curiam.* Iffue not having been joined till after the election was made in vacation, the defendant is in time by the Rule of April, 1796. On the other point, we are of opinion that the propriety of the plea is not examinable upon this motion.

Let the verdict be fet afide, and a commiffion iffue : the cofts to abide the event of the fuit.